34



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Dariyon Jalie Bailey #368515

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

1. Kyle Abdullahr
2. C/o Napier
3. Heidi Washington
4. Jimmy Howard

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case: 2:26-cv-13448
Assigned To : Michelson, Laurie J.
Referral Judge: Morris, Patricia T.
Assign. Date : 9/11/2026
PRIS DARIYAN BAILEY V. KYLE ABDULLALLF, ET AL (NZG

*(to be filled in by the Clerk's Office)*

Jury Trial: ☐ Yes ☐ No
*(check one)*

FILED
SEP 11 2026
CLERK'S OFFICE
DETROIT

# Complaint for Violation of Civil Rights (Prisoner Complaint)

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

**In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.**

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Davi yon jalia bailey

All other names by which you have been known:

ID Number: 568515

Current Institution: Wimans Huron Valley Correctional Facility

Address: 3201 Bimis Rd.
Ypsilanti, MI 48197

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Kyla Abdullah
Job or Title (if known): Correctional Officer
Shield Number:
Employer: MDOC
Address: 3201 Bimis Rd.
Ypsilanti, MI 48197

☑ Individual capacity ☑ Official capacity

Defendant No. 2

Name: C/O Napier
Job or Title (if known): Correctional Officer
Shield Number:
Employer: MDOC
Address: 3201 Bemis Rd.
Ypsilanti, MI 48197

☑ Individual capacity ☑ Official capacity

Defendant No. 3

Name: Heidi Washington
Job or Title (if known): Director of MDOC
Shield Number:
Employer: Director of Michigan Dept. Corrections
Address: Grandview Plaza Bldg.
P.O. Box 30003, Lansing MI 48909

☑ Individual capacity ☑ Official capacity

Defendant No. 4

Name: Jeremy Howard
Job or Title (if known): Warden of WHV Correctional Facility
Shield Number:
Employer: MDOC
Address: 3201 Bemis Rd.
Ypsilanti, MI 48197

☑ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

- ☐ Federal officials (a *Bivens* claim)
- ☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* ______________________________

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

ON 2/29/24, outside of housing unit 4, on the west side walk ways, between the times of 17:00pm-18:00pm, I was being antagonized & harassed by C/O Napier due to his aggressive behavior & abusive treatment towards the female prisoners of MDOC. He continued to incite me in an attempt to find initiative to arrest me to no avail. He continued to attempt to intimidate me & I was eventually directed by C/O Napier to take off my coat & allow him to search me as attempt to retaliate against me, which I fully complied with. These events are what led up to me being brutally assaulted by C/O Napier, along with C/O Hodulliant.

C. What date and approximate time did the events giving rise to your claim(s) occur?

ON the date of 2/29/2024, at the approximate time of 17:00pm - 18:00pm these events occured.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On 2/29/2024, between the times of 17:00pm - 18:00pm, I was brutally harrassed & antagoni- by C/O Napier after making a statement referring to his abusive & aggressive treatment towards the women in the prison. C/O Napier continued to intimidate me & incite me as a means to find initiative to arrest me, to no avail. I was then subsequently directed by C/O Napier to take off my coat & allow him a search, which I fully complied with, as a means o[f] retaliation towards me. I was eventually released from this officers custody & allowed to go t[o] my designation. Moments later, encountering both C/O Napier, & C/O Abdullahi, I was subjec[ted] to more harrassment by both officers as they continued to intimidate me & taunt me, whi[le] laughing at the blatant discomfort they were causing me. I became very emotional due to feeling helpless & defenseless against these two officers' abuse that I'd encountered on a regular basis, along with many other female prisoners. Due to being severely triggered, I ran back into the unit (Housing Unit 4), as a means to cool down. The supervising C/O in Unit 4 at the time (C/O Cameron) advised me to take a few moments, & then head back out to group to avoid termination, which I complied with. Upon returning outside, I was harras[sed] once more by C/O Napier & C/O Abdullahi. As I continued to walk, I was approached by both C/O Abdullahi & C/O Napier in a attempt to arrest me, when C/O Napier picked me up & brutally body slammed me to the ground. There were multiple witnesses, & people were even screaming for them to stop assaulting me. C/O Abdullahi then followed by dry stunning me twice via taser in my right torso area. I was then flipped onto my stomach where C/O Napier began to bend my arm back violently. I was then dry stunned an additional four tim[es] in my upper spine area via taser by C/O Abdullahi. Handcuffs were then applied so tightly that they cut into my wrists. I was eventually pulled up & never allowed the opportunity to [w]alk freely. I was placed into a painful restraint, & then eventually lifted off of my feet & half-dragged, half-carried by numerous male officers. My shirt & bra became undone & I was exposed for all to see. Upon entering the segregation unit, I was dropped harshly [to] the floor & dragged by my arms into the shower holding module, where I was kicked by C/O Napier, & left laying on the unsanitary shower floor, face flat, seriously injured, all while still cuffed for approximately 10-20 minutes.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I sustained a bruised forehead, a busted lip, & a mild concussion due to being body slammed. I also had a injury to my hip which resulted in me being unable to walk properly without assistance from being slammed to the ground on my left side. I sustained multiple markings & bruises from being manhandled, along with several cuts & bruising to my wrists due to handcuffs being applied too tightly. I also sustained multiple burn marks due to being tased multiple times, which eventually bubbled into permanent & gruesome scars. & I never received any medical treatment whatsoever for any of these injuries. I was only given tylenol a day later after complaining about severe headaches. Aside from physical, this incident has traumatized me & left me in a state of not only physical, but mental & emotional distress as well. I have suffered greatly in all aspects surrounding this event.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I would like to be granted punitive damages for physical, mental, & emotional distress. I would also like to see both C/O's terminated. I am not sure how to calculate the proper amount following the damages issued, but I request that the specific amount can be projected at a later time.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Women's Huron Valley Correctional Facility

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Failure to protect, excessive force, inhumane treatment, intimidation, & lack of medical treatment.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

- [x] Yes
- [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

- [ ] Yes
- [ ] No

E. If you did file a grievance:

1. Where did you file the grievance?

Women's Huron Valley Correctional Facility grievance coordinator, & the ombudsman.

2. What did you claim in your grievance?

That on the date of 2/29/2024, I was harrassed, & sexually assaulted by two male correctional officers, & that I was denied the proper medical treatment. I also grieved the warden & the director of WHV for failure to protect, subsequentally violating one of my most prominent rights

3. What was the result, if any?

All of my grievances were denied & rejected.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I grieved most of my complaints to the third step, to no avail. & many of my other grievances were not communicated properly for me to receive fair results.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) N/A

   Defendant(s) N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

N\A

5. Approximate date of filing lawsuit

N\A

6. Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition. N\A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

N\A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) N\A

Defendant(s) N\A

2. Court *(if federal court, name the district; if state court, name the county and State)*

N\A

3. Docket or index number

N\A.

4. Amount of money that I have in cash or in a checking or savings account: $ Ø .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

Ø

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

Ø

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

Ø

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

Ø

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: ____________________

Dari Yan B[illegible signature]

*Applicant's signature*

DARI YAN BAILEY

*Printed name*

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM** CSJ 247B

RECEIVED
APR 24 2024
WOMEN'S HURON VALLEY
GRIEVANCE COORDINATOR

Date Received by Grievance Coordinator at Step II:

Grievance Identifier: WHV 24 03 0050 28A

RECEIVED - MDOC
JUN 05 2024
Office of Legal Affairs

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to Grievance Coordinator 4/25/24. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dari'yon Bailey | 568513 | WHV | 1B115L | 2-29-24 | 4-19-24 |

**STEP II** — Reason for Appeal I am grieving Warden Howard & Heidi Washington for failure to protec & I am also grieving C/O Mr. Hodillatt & C/O Mr. Napier for excessive force, inhumane treatment, & intimidation. For on the date of 2/29/2024, @ 6:24pm as I was on my way to JS&T, I was approached by officer Hodillatt & C/O Napier. When I stopped to confront the officers, C/O Napier wrapped his arms around my body, lifted me into the air, & body slammed me to the ground. Officer Hodillatt then followed by dry stunning me twice in my right side, & four more times in my back area. I sustained multiple injuries due to the excessive force against me & never received any medical treatm

**STEP II** — Response

Date Received by Step II Respondent:

[signature] — Respondent's Name (Print)
[signature] — Respondent's Signature
5/16/24 — Date
Date Returned to Grievant: 5/21/24

**STEP III** — Reason for Appeal

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

**STATE OF MICHIGAN**
**DEPARTMENT OF CORRECTIONS**
**LANSING**

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

**STEP III GRIEVANCE DECISION**

1B106

Rec #: 150802
28A

**To Prisoner:** Bailey #: 568515
**Current Facility:** WHV
**Grievance Identifier:** WHV-24-03-0650-28A
**Step III Received:** 6/5/2024

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

**THE REJECTION IS UPHELD.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT. JUN 17 2024

**Richard D. Russell, Manager Grievance Section, Office of Legal Affairs**

CC: Warden, Current Facility:
Warden, Grieved Facility: WHV

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248

CSJ-

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: ________ Grievance Identifier: WHV 24 03 0649 17

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provide with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both S II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: ________ ________ by ________. If it is not submitted by this date, it will be considered terminate

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Direct Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Da |
|---|---|---|---|---|---|
| B. Hawkins | 368515 | WHV | 1B317h | 2-29-24 | 4-26-2 |

**STEP II** — Reason for Appeal

I am grieving warden Howard & Heidi washington for failure to protect & am grieving C/O Abdullah & C/O Napier for excessive force, inhumane treatment, intimidation. For on the date of 2/29/24, I was harassed by C/O Napier & Abdu then brutally assaulted by both officers, resulting in multiple & severe injuries that I received any medical attention attention for.

**STEP II** — Response

Date Received by Step II Respondent:

Respondent's Name (Print) Respondent's Signature Date

Date Returned to Grievant:

**STEP III** — Reason for Appeal (6-20-2024)

No response was received on my step II appeal by the required deadline (6-14-2024) & this is remains unresolved. I am entitled to a fair & just decision on the merits. On May 23rd 2024, I m to the lansing office my step III appeal grievance. In that appeal, I stated that I didn't received my step II respon by the required date. of 6/14/2024 that is still true. There is Nothing more I can do as a prisoner!

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247FD 4/6/2020

# STEP III GRIEVANCE RESPONSE FORM

*(FINAL MDOC DECISION)*

DB Record #: 150818

| Prisoner Last Name: | Prisoner #: | Grievance #: | |
|---|---|---|---|
| Bailey | 568515 | WHV-24-03-0649-28z | 1B305 |

**SECTION ONE:**

☐ **THE STEP II DENIAL IS UPHELD** at Step III.

☐ The Step II response on the merits was only PARTIALLY RESOLVED, however, this grievance is now considered **RESOLVED** based on the actions described in **SECTION TWO** below.

☐ **THE STEP II REJECTION IS UPHELD**.

☒ The Step III appeal is **REJECTED** at Step III pursuant to PD 03.02.130 "Prisoner/Parolee Grievances" for the following reason(s
WHV-24-03-0649-17z - Missing Step II response

**SECTION TWO** (Describe any further actions taken at Step II to resolve the issue on the merits):

N/A

**Richard D. Russell, Manager, Office of Legal Affairs, MDOC**

| SIGNATURE: | [signature] | DATE MAILED: | 08/26/2024 |
|---|---|---|---|

**Distribution:** Copies to Warden, GC, and prisoner along with the copy of the prisoner's submitted Step III appeal.

Dari'yan Bailey #568515
1B115L *(4-19-2024)*

(#3)

FOR STEP II FORM FOR: WHV/2403/0650/28A

(1)

I am grieving Warden Howard & Heidi Washington for failure to protect. I am also grieving Mr. C/O Abdellatif & C/O Mr. Napier for excessive force, inhumane treatment, & intimidation. For on the date of 2/29/2024, @ approximately 6:20pm, as i was on my way to ASAT, I was approached by C/O Abdellatif & C/O Napier.

At 6:24pm, in front of the fieldhouse, C/O Abdellatif drew his taser on me & instructed me to "Cuff up." C/O Napier then came from behind me, wrapped his arms around my body, lifted me into the air, & body slammed me to the ground. I injured my head, my hip, & I loss conscious for a couple of moments.

C/O Abdellatif then approached me as I was lying on my side, & dry stunned me twice on my right side of my torso area. I was then turned onto my stomach, where C/O Abdellatif then pressed his taser dir onto my spine, & began to dry stun me repeatedly while "yelling "Stop resisting!" although I was not moving or resisting at all.

Cuffs were applied very tightly, cutting & permenately bruising my wrists. I was then pulled to my feet, where I began to resist b/c the force of the restraint that I was being held in was very very painful. Other c/o's then approached to assist, along with Sergeant Ross, who then directed c/o's to quote on quote "Pick her ass up."

They then lifted me off of my feet, & attempted to carry me to the segregation unit. My shirt & bra became undone & I was exposed for all to see as they attempted to carry me. ⟶

(2)

I was also dropped onto the ground multiple times & picked back up. As we entered the segregation unit, I was then dropped onto the floor, & dragged by my arms into the shower module. I laid on the unsanitary shower floor, face flat, severely injured, all while still cuffed for approximately 10-15 minutes, with no medical attention or treatment whatsoever.

I complained & cried to sergeant Chavers that I was in a bunch of pain & could not move, as she continued to instruct me to "get up" on my own, but I could not at all. Nurse Shabyra then came to inspect my injuries & conducted a injury report. Sergeant B. Johnson took several pictures of my injuries, which included a busted lip, several markings & bruises, & a variety of burn marks due to officer Abdullah's dry stunning me repeatedly.

I never received ANY medical attention whatsoever. Futhermore I did not enter a ~~www~~ duplicate grievance ~~[illegible]~~, which grievance coordinator Hermanson has accused me of writing. Her actions are to impede on my "Due process." This is a form of retaliation to ensure the ~~[illegible]~~ security of the accused MDOC officials. So I am submitting this step 2 for: WHV/2403/0630/28A b/c I never received grievance 2403/0649/17Z, & that is beyond my control seeming that I do not have access or control over mail being directed to me. Thank you.

- [signature]

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10
CSJ-24

RECEIVED
MAR 1 4 2024
WOMEN'S HURON VALLEY
GRIEVANCE COORDINATOR

Date Received at Step I ______ Grievance Identifier: WHV2403 0653 03

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dari'yan Bailey | 568515 | WHV | 1C301L | 2-29-24 | 3-8-2024 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 03-1-2024.
If none, explain why.
Spoke with inspector Zowlensky / injury report.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. On 2-29-2024, at approximately 6:30pm, upon being carried into the segregation unit, Sergeant D. Johnson allowed several male officers to drop me onto the floor & drag me by my arms into the shower. She never allowed me the opportunity to be placed on my feet & walk into the shower holding module cell. I also laid face-flat on the shower floor for approximately 10 minutes due to my injuries without medical attention while still handcuffed. Per policy 03.03.130, this is considered inhumane treatment & a violation of my rights. I refuse to sign off on this grievance until this issue is adequately addressed.

Grievant's Signature

RESPONSE (Grievant Interviewed? ☒ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

See attached

| Respondent's Signature | Date | Reviewer's Signature | Date |
|---|---|---|---|
| [signature] | 4-10-24 | Capt. Paul Sny | 4-10 |
| **Respondent's Name (Print)** | **Working Title** | **Reviewer's Name (Print)** | **Working Title** |
| Kennedy | Lt | Capt Paul Tuitty | CSS-3 |

Date Returned to Grievant: 4/11/24

If resolved at Step I, Grievant sign here.
Resolution must be described above.

Grievant's Signature ______ Date ______

**MICHIGAN DEPARTMENT OF CORRECTIONS**

CSJ-247S 3/18/2

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Bailey | 568515 | 1C 301/WHV | WHV-24-03-0653-03Z |

**Prisoner Interviewed:** YES ☒ NO ☐ If "NO", Reason:

**Extension Granted:** YES ☐ NO ☒ If "YES", Enter End Date: N/A

**COMPLAINT SUMMARY:**
Prisoner Bailey #568515 stated in her original grievance that she had been treated inhumanely, as she claimed that she had been dropped on the floor after having been carried into Segregation. She claims that after she was dropped, she was dragged by her arms into the shower. Prisoner Bailey claimed that she had not been given the opportunity to stand on her own and walk into the shower under her own power. Prisoner Bailey further claimed that she laid in the shower and did not receive medical attention, all while handcuffed.

**INVESTIGATION SUMMARY:**
Grievance is being handled on an administrative level.

**APPLICABLE POLICY, PROCEDURE, ETC.:**
PD 03.03.130 "Humane Treatment and Living Conditions for Prisoners", PD 04.05.112 "Managing Disruptive Prisoners"

**DECISION SUMMARY:**
At this stage your grievance is being handled on an administrative level.

| | | | |
|---|---|---|---|
| **RESPONDENT NAME:** | Kennedy, M. | **TITLE:** | Lieutenant |
| **RESPONDENT SIGNATURE:** | Ken | **DATE:** | 4/10/2024 |
| **REVIEWER NAME:** | Paul-Twitty | **TITLE:** | Captain |
| **REVIEWER SIGNATURE:** | Capt Paul-Twitty | **DATE:** | 4/10/2024 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/2(

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Bailey | 568515 | WHV/1C3011 | WHV-24-03-0652-12E1 |

**Prisoner Interviewed:** YES ☒ NO ☒ If "NO", Reason:

**Extension Granted:** YES ☐ NO ☒ If "YES", Enter End Date:

**COMPLAINT SUMMARY:**

" On 2-29-2024, at approximately 6:40 pm while laying facedown in the shower, Nurse Shabyata was asked by SGT. D Johnson to come and evaluate me. At no time was I treated for any of my injuries. Pictures were taken and a injury report was done, however I was denied any medical treatment by nursing staff after being body slammed on my face and being dry stunned on my back and on n side 6-7 times. this is considered inhumane treatment which is a violation of policy 03.03.130. This is also considerred " lack of medical attention" which is a violation specific MDOC policies and my rights. Til this day I am still complaining and experiencing symptoms due to my injuries and I am still being denied medical attention I refuse to sign off on this grievance until this issue is adequatley addressed."

**INVESTIGATION SUMMARY:**

Offender Bailey was assesed by healthcare nursing staff after incident on the following dates( 02/29/24 , 03/01/24,03/14/24,3/20/24,and 3/21/24) Bailey was also seen by Dr.Ellison on 03/21/24. RN Shabayta completed critical injury repo and injury report for custody. RN Shaybata stated he did not observe any wounds or tazer probes and that the offender was alert and oriented upon assessing and cleared for segregation placement. RN Shaybata received verbal counseling and education inregards to obtaining full set of vitals and to use segregation placement tempelate in COMS for documenting encounters.Offender Bailey was aggreable to being seen by a provider. Bailey was seen by Dr.Ellison on 04/18/2024, per Dr.Ellison's note Bailey was able to ambula and move extremties without any issues.X-rays were ordred per Dr.Ellison's note a MP follow up appointment would be scheduled if there are any abnormalties with x-ray results.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

03.04.100

**DECISION SUMMARY:**

Grievance resolved.

| | | | |
|---|---|---|---|
| **RESPONDENT NAME:** | H.Call | **TITLE:** | RN-13 |
| **RESPONDENT SIGNATURE:** | H.Call. RN-13 | **DATE:** | 04/18/2024 |
| **REVIEWER NAME:** | Bryan Tinsley | **TITLE:** | RN 13 |
| **REVIEWER SIGNATURE:** | [signature] | **DATE:** | 4.19.24 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy: 1 for Step II filing: 1 for Step III filing)

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4247 10/94

**PRISONER/PAROLEE GRIEVANCE FORM** CSJ-247A

RECEIVED
MAR 14 2024
WOMEN'S HURON VALLEY
GRIEVANCE COORDINATOR

Date Received at Step I ______ Grievance Identifier: WHV 24 03 0652 12E

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Darryan Bailey | 363515 | WHV | 1C301A | 2-29-24 | 03-8-24 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 03-1-2024.
If none, explain why. Spoke with inspector Zowlinski / injury report.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. On 2-29-2024, at approximat
:40 pm while laying face down in the shower, Nurse Shaboyda was asked by Sgt. D ja
come & evaluate me. At no time was I treated for any of my injuries. Pictures were ta
injury report was done, however I was denied any medical treatment by nursing staff a
ing being slammed on my face, & being dry slammed on my back & on my side by 7 tha
considered inhumane treatment, which is a violation of policy 03.03.130. This is also
"lack of medical attention," which is a violation of MDOC policies, & my rights. To
ay, I am still complaining & experiencing symptoms due to my injuries, & I am still being d
medical attention. I refuse to sign off on this grievance
until this issue is adequately addressed.

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

| | | | |
|---|---|---|---|
| Respondent's Signature | Date: 04/18/24 | Reviewer's Signature | Date: 4.19.24 |
| Respondent's Name (Print) | Working Title: RUO-13 | Reviewer's Name (Print): Bryan Tinsley | Working Title: RN3 |

Date Returned to / / | If resolved at Step I, Grievant sign here.

MICHIGAN DEPARTMENT OF CORRECTIONS
4835-4247 10/
CSJ-247

**PRISONER/PAROLEE GRIEVANCE FORM**

RECEIVED
MAR 14 2024
WOMEN'S HURON VALLEY
GRIEVANCE COORDINATOR

Date Received at Step I | Grievance Identifier: WHV2403 0651112E3

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dariyan Bailey | 568515 | WHV | 568515 | 03-1-2024 | 3-8-24 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 3-1-2024.
If none, explain why.
Spoke with inspector Zawlinski/Nursing staff regarding injuries

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. On 3/1/2024, at approximat[ely] 6pm to 7:30pm, I was evaluated by Nurse Wix per inspector Zawlinski due to my many injuries suffered from while attempting to be restrained by officers. During my evaluation, Nurse [took] reports of all my injuries. I explained to her that I'd hit my head pretty hard & was still suffering from day-long headaches, to which she responded that that was quote on quote "Normal." I the[n explained] to Nurse Wix that my head did not "feel right," & that I believed I needed to be thoroughly checked [out] by a doctor. I was disregarded by Nurse Wix & told that that was not the medical procedure [of] MDOC. I was then told by Nurse Wix that if I experienced any dizziness or fogginess, to report it [to] staff. When I explained to Nurse Wix that I indeed was experiencing those symptoms & that that [is] why I was requesting more medical attention/services, she responded "Well, you probably have a mi[nor] concussion, so it is a good thing you are on BAM-BAM (suicide watch) so that we can observe you." [I was] denied medical treatment by nursing staff & Nurse Wix which is a violation of MDOC's policies & my rights. I am still experiencing symptoms & have yet to receive any medical attention. I refuse to sign off

[signature] Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

| | | | |
|---|---|---|---|
| [signature] | 3/21/24 | J. Jones | 3/21 |
| Respondent's Signature | Date | Reviewer's Signature | Date |
| C. Jones | RN13 | J. Jones | DON |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

Date Returned to Grievant: 3/25/24

If resolved at Step I, Grievant sign here.
Resolution must be described above.

Grievant's Signature | Date

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-247S 3/18/20

# STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Bailey | 568515 | 1C/301 | WHV-24-03-0651-12E3 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Prisoner Interviewed: | YES | ☐ | NO | ☒ | If "NO", Reason: | Prisoner description allowed response from rec |
| Extension Granted: | YES | ☐ | NO | ☐ | If "YES", Enter End Date: | |

**COMPLAINT SUMMARY:**

Grievant is grieving that they were denied medical treatment by nursing staff on 3.01.2024 while they were being evaluated for injur they sustained during in altercation.

**INVESTIGATION SUMMARY:**

Reviewed grievants health record. Custody staff requested healthcare evaluate grievant due to an altercation that happened the previous day. The Registered Nurse (RN) assessed the grievant and provided treatment based on assessment, with Ibuprofen and instructions to increase water intake, rest.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

Reference PD 03.02.130, PD 03.04.100

**DECISION SUMMARY:**

This grievance is denied. The grievant has been evaluated and treatment provided as determined clinically indicated and administere within the MDOC policy/procedure/guidelines. Grievant is encouraged to access health care through the kite process to address any current health care concerns.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | C. Jones | TITLE: | RN13 Quality Assurance Clinical Assistant |
| RESPONDENT SIGNATURE: | [signature] RN13 | DATE: | 3/21/2024 |
| REVIEWER NAME: | J. Jones | TITLE: | Don |
| REVIEWER SIGNATURE: | [signature] | DATE: | 3.21.24 |

**Distribution:** Original - Step I Grievance Coordinator Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

**Michigan Department of Corrections** **WHV-2024-03-651-12E3**

**Grievance Step II Response** **BAILEY 568515**

Grievant claims that she was denied adequate evaluation of injuries she states were sustained when she was restrained by officers. Specifically, grievant indicates that she was experiencing headaches, dizziness, and fogginess "… and that was why I was requesting more medical attention/services." Grievant asserts that she should have been "thoroughly checked out by a doctor."

Date of incident is listed as 3/1/2024.

Investigation determined that grievant's issue was appropriately addressed by the Step I Respondent and is affirmed at the Step II Appeal. Review of the prisoner health record reveals that grievant was evaluated by nursing staff on 2/29/2024 and 3/1/2024 re: injuries sustained on 2/29/2024. Neither nurse referred grievant for provider evaluation, presumably because neither deemed it necessary. The nurse who assessed grievant on the date of incident, 3/1/2024, issued an analgesic, self-care instructions, and noted that grievant would be checked every 15 minutes on unit rounds. Grievant was subsequently evaluated by nursing staff and the site physician with interventions ordered as indicated.

Nurses are qualified and authorized to evaluate patients and determine if/when further referral is needed. WHV nursing staff determined that provider referral was not indicated following the evaluations on 2/29/2024 and 3/1/2024. Grievant is encouraged to discuss any remaining symptoms and concerns with the provider at scheduled visits, to follow the plan of care as instructed, and to promptly notify Health Care if she experiences acute adverse symptoms in future and/or if she has any further concerns re: chronic symptoms or issues.

Grievance denied.

| | | |
|---|---|---|
| Patricia Lamb, RN, BSN | *Patricia Lamb, RN, BSN* | May 22, 2024 |
| Respondent Name | Respondent Signature | Date |

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED
MAY 01 2024
WOMEN'S HURON VALLEY
GRIEVANCE COORDINATOR

Date Received by Grievance Coordinator at Step II: MAY 01 2024

Grievance Identifier: WHV 24 03 0651 12E3

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: Grievance Coordinator by 5/1/24. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Dariyan Jalice Bailey | 567515 | WHV | 1B317T | 03-1-24 | 4-26-2024 |

**STEP II** — Reason for Appeal This Step II Appeal is timely filed on April 30th @ approx. 8:25am. by depo in the outgoin
I am grieving Warden Howard & Heidi Washington for failure to protect, & MDOC's medical staff for inhumane treatment, intimidation, & lack of medical care/attention. Nurse Wike(s) for on the date of 03-1-2024, at approximately 6pm to 7:30pm, I was re-evaluated by Nurse Wike due to being severely injured during a incident with c/o Abdellatif, & c/o Napier. After expressing my concerns about my health/symptoms to Nurse Wike, she still failed to thoroughly evaluate

**STEP II** — Response

Date Received by Step II Respondent: 05-03-24

Please see attached response.

| | | |
|---|---|---|
| Patricia Lamb, RN, BSN | Patricia Lamb, RN | 05/22/2024 |
| Respondent's Name (Print) | Respondent's Signature | Date |

Date Returned to Grievant: 5/23/24

**STEP III** — Reason for Appeal

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

**Michigan Department of Corrections** **WHV-2024-03-651-12E3**

**Grievance Step II Response** **BAILEY 568515**

Grievant claims that she was denied adequate evaluation of injuries she states were sustained when she was restrained by officers. Specifically, grievant indicates that she was experiencing headaches, dizziness, and fogginess "... and that was why I was requesting more medical attention/services." Grievant asserts that she should have been "thoroughly checked out by a doctor."

Date of incident is listed as 3/1/2024.

Investigation determined that grievant's issue was appropriately addressed by the Step I Respondent and is affirmed at the Step II Appeal. Review of the prisoner health record reveals that grievant was evaluated by nursing staff on 2/29/2024 and 3/1/2024 re: injuries sustained on 2/29/2024. Neither nurse referred grievant for provider evaluation, presumably because neither deemed it necessary. The nurse who assessed grievant on the date of incident, 3/1/2024, issued an analgesic, self-care instructions, and noted that grievant would be checked every 15 minutes on unit rounds. Grievant was subsequently evaluated by nursing staff and the site physician with interventions ordered as indicated.

Nurses are qualified and authorized to evaluate patients and determine if/when further referral is needed. WHV nursing staff determined that provider referral was not indicated following the evaluations on 2/29/2024 and 3/1/2024. Grievant is encouraged to discuss any remaining symptoms and concerns with the provider at scheduled visits, to follow the plan of care as instructed, and to promptly notify Health Care if she experiences acute adverse symptoms in future and/or if she has any further concerns re: chronic symptoms or issues.

Grievance denied.

| Patricia Lamb, RN, BSN | *Patricia Lamb, RN, BSN* | May 22, 2024 |
|---|---|---|
| Respondent Name | Respondent Signature | Date |

LCO

Office of
*Legislative Corrections*
*Ombudsman*

**Keith Barber**
Ombudsman

P.O. BOX 30036
Lansing, MI 48909-7536

Phone: (517) 373-8573
Fax: (517) 373-5550

**ombudsman@legislature.mi.gov**

October 22, 2024

Dari'Yan Bailey
#568515
Women's Huron Valley Correctional Facility (WHV)
3201 Bemis Road
Ypsilanti, MI 48197-0911

RE: Letter of Complaint submitted to the Ombudsman

Dear Ms. Bailey,

I have enclosed the 1 page of documentation you sent to our office with your complaint sheet we received on 8/28/24

I have made an electronic copy of this document and included them in your case that I am currently investigating.

Best,

Elizabeth B.
Ombudsman Analyst

Memo

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I ______________ Grievance Identifier: ______________

**Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.**

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? [illegible]
If none, explain why.

[illegible]

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

[illegible]

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

[illegible]

Respondent's Signature | Date | Reviewer's Signature | Date

Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title

Date Returned to Grievant: [illegible]

If resolved at Step I, Grievant sign here. Resolution must be described above.

Grievant's Signature | Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Washt

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dar'yan Jaine Bailey

**(b)** County of Residence of First Listed Plaintiff: USA

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS** Heidi Washington, Jeremy Howard, Kyle Abdulnoor, Mr. Wagner

County of Residence of First Listed Defendant: USA

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY

- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY

- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**

- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:

- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:

- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☒ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**

- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**

- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**

- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**

- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE ____________ DOCKET NUMBER ____________

DATE SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Dariyon Jolice Bailey | |
| DEFENDANT | TYPE OF PROCESS |
| Jeremy Howard, Heidi Washington, Kyle Abdellatif, C/O Mr. Napier | Civil |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN: MDOC
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*: 3201 Bemis Rd. Ypsilanti, MI 48197

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| | Number of process to be served with this Form 285: 555 |
| | Number of parties to be served in this case: 4 |
| | Check for service on U.S.A.: 411 |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE ***(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

| Signature of Attorney other Originator requesting service on behalf of: | ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| | | | |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time ☐ am ☐ pm |
|---|---|---|
| | | |

| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy |
|---|---|
| | |

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | |

REMARKS

PRIOR VERSIONS OF THIS FORM ARE OBSOLETE

Form USM-285
Rev. 11/18

Dori'yon Jalia Bailey #568515
WHV-3201 Bemis Rd.
Ypsilanti,

UNITED STATES POSTAL SERVICE® pitney bowes
USPS TRACKING #
9488 8090 0027 6527 0253 21
Label 888-PB, Oct. 2015

US POSTAGE PITNEY BOWES
ZIP 48197 $ 010.80⁰
02 7W
0008038249 SEP 08 2026
GND ADV

New case
Pris

U.S. MARSHALS

UNITED STATES DISTRICT COURT.
231 WEST LAFAYETTE BLVD.-ROOM 564
DETROIT, MI 48226

RECEIVED
SEP 11 2026
CLERK'S OFFICE
U.S. DISTRICT COURT